388

## DALY v. SACKS.
### No. 4781.

Court of Appeals of District of Columbia.

Argued November 6, 1929.

Decided February 4, 1930.

Petition for Rehearing Denied
February 21, 1930.

Levi H. David and H. M. Goldstein, both of Washington, D. C., for appellant.

G. C. Gertman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment for defendant (appellee here) in the Supreme Court of the District in an ejectment suit involving a strip of land approximately three feet in width with a depth of sixty feet. Prior to the commencement of the action, defendant erected a two-story brick building which extended over the strip of land in dispute.

Plaintiff's declaration, alleging ownership in fee simple, was filed on October 19, 1925, and on February 19, 1926, by leave of court, an amendment was filed alleging title in fee simple by adverse possession for over fifty years. Pleas were filed by defendant and the cause was calendared for trial.

Prior to the beginning of the trial, namely, on January 16, 1928, defendant moved the court for leave to file an additional or supplemental plea alleging equitable estoppel. To the granting of this motion plaintiff objected and excepted. On January 18, 1928, defendant filed his additional plea. Plaintiff demurred. On January 20, 1928, the court, after argument by counsel, continued the hearing on the demurrer, and over plaintiff's objection and exception, granted defendant's motion for leave to file a "substituted amended plea."

On January 26th, following, defendant filed a "substituted amended plea" of equitable estoppel. Plaintiff filed a motion to strike, which was overruled by the court, *without objection or exception*. Plaintiff then filed a replication, and in response defendant filed a rejoinder. Issue was joined and the trial was had. The jury found that when defendant erected his building the plaintiff had gained title to the disputed strip of land by adverse possession, but that plaintiff was estopped to assert his title. No exception to the charge was taken by the plaintiff, and in two prayers requested by him and allowed by the court, the jury was instructed that even if the defendant and his predecessors had record title to the land in controversy, plaintiff should recover if the jury was satisfied that he and his predecessors in title had been in actual, exclusive, continuous, open, and adverse possession of the land for the period of twenty years or longer, "unless plaintiff is estopped to assert title."

■ In the first assignment of error it is contended that the court erred in granting defendant leave to file an additional plea alleging equitable estoppel. Since this plea was, in effect, superseded by a substituted amended plea, it is not perceived how plain-

tiff was harmed. Furthermore, it would be a strong thing to hold that the action of the court constituted an abuse of the wide discretion recognized by section 399 of the Code authorizing the court in all judicial proceedings "at any stage of the case, to allow amendments of writs, pleadings, or other papers in the cause and to allow supplemental or substituted affidavits to be filed." See McMillan v. Fuller, 41 App. D. C. 384; Armour v. Flook, 44 App. D. C. 415.

It is further contended that it was error for the court to grant leave to file the substituted amended plea. This action of the court was within a few days of the filing of the additional plea, to which plaintiff had demurred, and was within the court's discretion. Furthermore, no harm could come to the plaintiff until the plea was filed. When it was filed a few days later, plaintiff moved to strike, to the overruling of which motion he not only failed to object but acquiesced in the submission to the jury of the issue raised by the plea. It is too late to challenge the action of the court in permitting the plea to be filed. Steven v. Saunders, 34 App. D. C. 321.

Judgment affirmed, with costs.

Affirmed.